# In the United States District Court for the Western District of Texas

| | |
|---|---|
| SHERISE MICHELLE MITCHELL | §<br>§<br>§   SA-10-CA-574-XR |
| v. | §<br>§ |
| ACSO OF TEXAS L.P. | |

## ORDER

On this day came on to be considered Plaintiff's motion to remand.

## BACKGROUND

Plaintiff Sherise Michelle Mitchell filed an original petition in Texas state court on February 25, 2010. In that petition she alleged that ACSO of Texas was violating the Texas Credit Services Organizations Act ("CSOA"), Texas Finance Code Chapter 393. In that short and vague two-page petition, Plaintiff made the following statements: "Plaintiff has been injured by such conduct through a series of CSO contract transactions with ACSO of Texas LP [sic]." "As cause of action, Plaintiff relies on the statutory rights of action provided under the CSOA. In addition, Plaintiff asserts that all contracts entered into with ACSO of Texas LP are illegal and void because [sic] made in violation of the CSOA." Plaintiff sues for recovery of all CSO fees paid to ACSO of Texas LP and for punitive damages. Plaintiff also seeks injunctive relief."

On March 30, Plaintiff filed her First Amended Petition, which merely

added claims for attorney's fees and prejudgment interest. Plaintiff also included a statement that she was not alleging or seeking relief under any federal statute.

On April 5, ACSO filed a notice of removal to this Court asserting that this Court possessed diversity jurisdiction. This Court disagreed and remanded the case to the state district court. See SA-10-CA-252-XR, Dkt. No. 8. The Court found that Defendant based the amount in controversy on a single sentence in Plaintiff's petition, which stated: "Plaintiff also seeks injunctive relief." The Court noted, however, that the nature of the injunctive relief that the Plaintiff sought was unspecified.

On June 2, 2010, Plaintiff filed a Second Amended Petition in the state court.[1] In that much more extensively pled document, Plaintiff alleged the following:

> "Acting as a Private Attorney General as expressly authorized by Section 393.502 of the CSOA, Plaintiff seeks the broadest possible injunctive relief, including but not limited to orders enjoining Defendant from enforcing all existing contracts with Texas Consumers that have been made in violation of the CSOA; and orders enjoining Defendant from continuing to employ practices in its CSO operations that violate the CSOA...."

Also on June 2, a number of individuals filed "First Amended Plea[s] in Intervention.[2]" This second amended petition was served upon the Defendant

---

[1] This June 2 document was incorrectly styled by Plaintiff as her first amended petition. As noted above, however, on March 30, Plaintiff filed her First Amended Petition. Accordingly, the Court will refer to the June 2 petition as Plaintiff's Second Amended Petition.

[2] These pleas in intervention contain the same exact allegations made by Plaintiff Mitchell. The purported intervenors are all represented by Mitchell's counsel, and no explanation is given as to why these individuals were not simply added to an amended petition as plaintiffs.

on June 8.

On July 7, Defendant filed its notice of removal. Defendant argues that there is diversity jurisdiction and the amount in controversy exceeds $75,000. Alternatively, it argues that this case is removeable pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because Plaintiff in essence is seeking class-wide injunctive relief.

On July 8, Plaintiff filed her motion to remand and Defendant filed a Supplemental Notice of Removal.

## Analysis

Plaintiff, relying upon *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 at n.1. (5th Cir. 1996), argues that this "case should be summarily remanded because Defendant has removed the case for a second time based on exactly the same grounds that predicated its prior removal." Plaintiff also argues that Defendant has not met its burden of establishing the amount in controversy requirement.[3]

Plaintiff's reliance upon *S.W.S. Erectors, Inc.* is misplaced. That case states: "The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *Id.* at 492. The second removal attempt, however, must be based upon subsequent pleadings or events. That is exactly what has occurred here.

---

[3] In addition, Plaintiff argues that the Defendant has not established the citizenship of the intervenors. However, as noted above, Defendant filed a supplement notice of removal, which addressed the citizenship of the intervenors and citizenship is diverse.

3

The Defendant must allege and "bears the burden of actually proving" that the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Because the First Amended Petition was vague and the scope of injunctive relief unclear, the Defendant was unable to establish during the first removal that the amount in controversy requirement was met.

Plaintiff, however, has now amended her complaint and detailed the scope of injunctive relief she seeks. She seeks "orders enjoining Defendant from enforcing all existing contracts with Texas Consumers that have been made in violation of the CSOA." In paragraph 5 of his Declaration, W. Thomas Newell, Vice-President of the Defendant's parent corporation states the value of any successful injunction far exceeds the $75,000 threshold.[4] In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).

---

[4] Mr. Newell opines that outstanding contracts entered into in 2010 alone are in excess of $3.6 million.

4

## Conclusion

Defendant has met its burden of establishing the diversity of parties and the amount in controversy. Plaintiff's motion to remand (docket no. 2) is DENIED.[5]

It is so ORDERED.

SIGNED this 23rd day of September, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court has disposed of the motion, finding diversity jurisdiction, the Court will not decide the issue of whether CAFA provides jurisdiction.